UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                                       Case No. 1:12-CR-132 (26)

v.                                                                 HON. ROBERT HOLMES BELL

ROBERTO REESE,

      Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**

Defendant Roberto Reese has filed a motion for modification or reduction of sentence (ECF No. 1409) pursuant to 18 U.S.C. §3582(c)(2) on the basis of Amendment 782 of the United States Sentencing Guidelines, made retroactive by the Sentencing Commission.

Section 3582(c)(2) permits a court to reduce the term of imprisonment of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 782 of the United States Sentencing Guidelines reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in U.S.S.G. §§ 2D1.1 and 2D1.11. These modifications were made retroactive effective November 1, 2014. U.S.S.G. § 1B1.10.

The Probation Department filed a Sentence Modification Report (ECF No. 1637) on February 18, 2016, recommending a reduction of sentence to 105 months. Defendant's counsel filed a response to the Sentence Modification Report (ECF No. 1654) on March 10, 2016, concurring with the Probation Department's assessment. The government filed a response to the Sentence

Modification Report (ECF No. 1662) on March 29, 2016, objecting to the Sentence Modification Report that Defendant Reese is eligible for consideration of a sentence modification, in that his amended guideline range is 140 to 175 months in prison (after including the 2 level downward departure for substantial assistance), and therefore, Mr. Reese's sentence of 117 months in prison is already below the amended guideline range. The government further argues that the Probation Department recommends a reduction in sentence to 105 months in prison which takes into account the two level downward departure for the 5K1.1 motion but also erroneously factors in the 3 level variance. Defendant's counsel filed a reply to the government's response (ECF No. 1663) on April 5, 2016, arguing Defendant is eligible for a sentence reduction due to the fact the variance granted at sentencing was based on Mr. Reese's substantial assistance.

      The Court finds it is within its discretion to grant or deny an Amendment 782 motion. The Court having carefully reviewed the Sentence Modification Report and counsels' responses, will deny Defendant's request for a sentence reduction based on Amendment 782.

      IT IS HEREBY ORDERED that Defendant's motion for modification of sentence (ECF No. 1409) pursuant to 18 U.S.C. § 3582(c)(2) is respectfully DENIED.

Dated: May 4, 2016                   /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE